```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 10-81228-CIV-HURLEY
                    MAGISTRATE P. A. WHITE
```

HAKAM SUELIMAN,                       :

    Plaintiff,                    :

v.                                    :     <u>REPORT OF</u>
                                         <u>MAGISTRATE JUDGE</u>
DEPARTMENT OF CORRECTIONS,
et al.,                               :

    Defendants.                   :
_____

## I. <u>Introduction</u>

The <u>pro-se</u> plaintiff, Hakam Sueliman, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1), alleging he was denied receipt of mail written in Arabic at Glades Correctional Institution. The plaintiff seeks monetary damages and injunctive relief. The plaintiff is proceeding <u>in forma pauperis</u>.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. <u>Analysis</u>

### A. <u>Applicable Law for Screening</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

        Sec. 1915 Proceedings in Forma Pauperis

                * * *

>      (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>           *   *   *
>
>      (B) the action or appeal –
>
>           *   *   *
>
>      (i)  is frivolous or malicious;
>
>      (ii) fails to state a claim on which relief may be granted; or
>
>      (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state

a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

    To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

no misconduct occurred.[1]

B. <u>Factual Allegations</u>

The plaintiff alleges that from 2009 to the present, mail sent to him at Glades Correctional Institution (CI) by his family, who can communicate solely in Arabic, is being rejected and returned to the sender. In response to the plaintiff's grievances he was informed that it is the policy of the Department of Corrections to only accept mail written in English or Spanish.[2] He claims that he received mail in Arabic when confined at Okeechobee Correctional Institution, and therefore this policy is unlawfully instituted at Glades. The plaintiff contends the denial of his family's mail is a violation of his First Amendment right to free speech, and denial of his equal protection rights.

C. <u>Analysis of Sufficiency of Complaint</u>

The plaintiff names Glades CI Warden R. Shannon and Assistant Warden Lawrence, who denied his grievance requests. He further names Weaver, the chief mail room clerk. Case law supports the plaintiff's claim, and service will be ordered upon the defendants by separate order. <u>Alame v Smetka</u>, 2009 SL 236073 (ED Mich. 2009). (prisoner's denial of mail in arabic stated a claim pursuant to §1983).

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

[2] The Court can consider plaintiff's exhibits which are a matter of public record and does not covert the complaint to a summary judgment. <u>Jackson v BellSouth Telecomm</u>, 181 F. Supp 2nd 1345 (SD 2001).

4

One of the plaintiff's request for relief is termination of his imprisonment. This relief is not available pursuant to 42 U.S.C. §1983.

### III. Conclusion

It is therefore recommended as follows:

1. This complaint shall proceed against defendants Shannon, Lawrence and Weaver for denial of his First Amendment right to free speech and denial of equal protection.

2. Service will be ordered by separate order.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 27th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Hakam Sueliman, Pro Se
    DC#B03844
    Glades CI
    Address of record